*1116 NEWMAN, Circuit Judge,
dissenting.
After her husband, Mr. James Blood, died in 2008; Ms. Alice Dorsey was told by the Office of Personnel Management (“OPM”) that Mr. Blood had not made a proper election to provide her with a survivor annuity. My colleagues on this panel agree. For the reasons I shall explain, Mr. Blood met the minimum requirements of demonstrating the intention to elect a survivor annuity.
In 1991 Mr. Blood retired from service with the National Security Agency. He and Ms. Dorsey were married in 2002. Mr. Blood phoned OPM shortly after the marriage, in accordance with the instructions in the notice that is sent to all retirees by OPM. Section 2 of the OPM notice is entitled “Survivor Annuity Benefits for a Spouse You Marry After Retirement.” Under “How to Make an Election,” the notice states:
Call or write to OPM at the address on this notice within the two-year time limit, state the election you want to make, include proof of your marriage, and sign your request. We will send you detailed information about the effect of the election, the exact amount of your annuity if you decide to make the election and an election form to sign and return to us if you want to take this action.
In response to Mr. Blood’s phone call OPM sent him two forms, Form 2823 entitled “Designation of Beneficiary, Federal Employees’ Group Life Insurance (FEGLI) Program,” and Form 2808 entitled “Designation of Beneficiary, Civil Service Retirement System.” Mr. Blood completed both forms, listing Ms. Dorsey as the primary beneficiary in the space indicated on both forms; they were duly signed and witnessed as the forms designated, and returned to OPM in accordance with the accompanying instructions. Neither form is the correct form for electing a survivor annuity. Ms. Dorsey states that her husband believed he had elected a survivor annuity, and that she heard him inform OPM, during the phone call, that he had married and wished to make this provision.
The facts are not in dispute, and credibility is not challenged. Rather, it is apparent that Mr. Blood did not recognize that the forms that OPM sent him did not provide a survivor annuity for the designated beneficiary. However, whatever error Mr. Blood made in deciphering the forms, his was not the only error, for these forms were sent to him in response to his notification to OPM requesting a survivor annuity. First, OPM erroneously sent him a FEGLI beneficiary designation form, although he did not have FEGLI insurance. Then, OPM did not notify Mr. Blood of the error when he returned the completed FEGLI form, thus leaving the mistake undetected. The Civil Service Retirement System (“CSRS”) “Designation of Beneficiary” form confusingly refers to a “lump sum payment,” and states that the designation “will not affect” any survivor annuity. And OPM never sent the correct form for electing a survivor annuity.
Thus, in response to Mr. Blood’s phone call, OPM sent the wrong forms and Mr. Blood filled out and returned the wrong forms. Both sides to this unfortunate event erred. OPM on this appeal appears to recognize its contribution to the mistake, for OPM suggests that this court remand with instructions that OPM reconsider Ms. Dorsey’s claim. See Resp. Br. at 15 (suggesting in the alternative that “the Court to [sic] should remand this case to the MSPB with instructions to remand to OPM to determine whether Ms. Dorsey is entitled to a survivor annuity”). However, my colleagues on this panel decline to give Ms. Dorsey this chance. I must, respectfully, dissent.
*1117 DISCUSSION
The MSPB rejected Ms. Dorsey’s claim, holding that the forms Mr. Blood filled out did not establish an “unmistakable intent” to elect a survivor annuity. However, Mr. Blood’s intent to provide an annuity for Ms. Dorsey is supported by the entirety of these events. Although the FEGLI and CSRS beneficiary forms were incorrect, these were the forms that OPM sent in response to his notification of his post-retirement marriage. Ms. Dorsey testified that she was present when Mr. Blood phoned OPM to give notice of his marriage and that he wished to provide a survivor annuity for Ms. Dorsey. OPM does not dispute her credibility.
Nor does OPM dispute that these were the wrong forms. Indeed, the FEGLI form is totally inapplicable to Mr. Blood. The other form, entitled “Designation of Beneficiary, Civil Service Retirement System,” is not a model of clarity. Form 2808 states:
I, the person identified above, designate the beneficiary or beneficiaries named below to receive any lump-sum benefit which may become payable under the Civil Service Retirement System (CSRS) after my death. I understand that this designation of beneficiary will not affect the rights of any survivors who may qualify for annuity benefits after my death, cancels any previous designation of beneficiary, and remains in effect until I cancel it in writing or I receive payment before retirement of all the monies to my credit in the Civil Service Retirement and Disability Fund.
I direct, unless otherwise indicated below, that if more than one beneficiary is named, the share of any beneficiary who may predecease me or who may be disqualified for any other reason shall be distributed equally among the stated beneficiaries or entirely to the survivor. If none of the beneficiaries are alive and eligible to receive payment when a lump sum becomes payable, this designation is void and payment will be made according to the order of precedence set by law.
Perhaps Mr. Blood thought this designation of the beneficiary of a “lump-sum benefit” under the CSRS, and the form’s statement that the designation “will not affect” rights to “annuity benefits after my death,” was the way OPM administered such annuity benefits — for OPM sent him the form in response to his request to establish a survivor annuity. Based on this form Ms. Dorsey was paid a lump sum of $247.93, which was Mr. Blood’s accrued annuity for the month in which he died.
The MSPB observed that the forms OPM sent to Mr. Blood “served their true purpose of designating beneficiaries for certain other benefits.” Dorsey v. Office of Personnel Mgmt., No. PH-0831-08-0541-I-1, slip op. at 5 (M.S.P.B. Oct. 8, 2008) (initial decision). However, that “true purpose” is obscure, for Form 2823 is for participants in the federal life insurance program, and served no purpose whatsoever for Mr. Blood. And Form 2808, which reads, at best, like a lump sum death benefit that preserves a survivor annuity, instead provided two days pay.
The MSPB cites Harris v. Office of Personnel Mgmt., 985 F.2d 549, 550 (Fed.Cir.1993), for the “unmistakable intent” standard it relied on. However, the court did not establish “unmistakable intent” as the standard of proof. Mr. Harris was a living annuitant who had elected a survivor annuity for his wife married after retirement, but then attempted to cancel the election. See id. at 549-50. Mr. Harris argued that he did not make a binding election because he filed an incomplete form, for he did not select a deposit option on the survivor annuity form. OPM rejected his argument *1118 and this court affirmed, stating that “[w]e have no difficulty concluding that, when Harris signed this form, he manifested an unmistakable intent to elect, and did elect, survivor annuity benefits for his new spouse.” Id. at 550. This court described the evidence, not a new standard of proof for survivorship election.
Circumstances beyond the specific flawed documents can be considered, in the interest of achieving the correct and just result. Every indication is that Mr. Blood intended to provide a survivor annuity for his new spouse, for he so informed OPM within the proper time period, and completed the beneficiary forms that OPM provided. Ms. Dorsey offers the information that she and Mr. Blood were raising a four-year old child as their own, and Mr. Blood was desirous of assuring their support. The panel majority is mistaken in proposing that precedent bars any relief on the facts of this case.
I take note of OPM’s argument that “[a] voluntary post-retirement survivor annuity has immediate, irrevocable and costly consequences that annuitants may not wish to incur,” Resp. Br. at 11, apparently proposing that Mr. Blood deliberately avoided providing a survivor annuity for Ms. Dorsey. But OPM’s annual notice states that “[i]n most cases, the actuarial reduction will be less than 5% of your annuity.” J.A. at 30.
On the entirety of the circumstances, the election of a survivor annuity for Ms. Dorsey is supported by a preponderance of the evidence. At a minimum, OPM’s suggestion for remand for further consideration should be implemented. From my colleagues’ contrary ruling, I respectfully dissent.